## AARON NEAL

v.

COUNTY OF FRANKLIN.

*Champerty—Contract with County—Rescission—Practice.*

1. A champertous contract is one that gives to an attorney or a third person a portion of the property sued for.

2. A board of supervisors of a county is a corporate body and can only act as such. It represents the interests of the county as to those matters wherein power is conferred by statute. The duties imposed by law are of such a nature, and the corporate body is of such a character as to make it a deliberative assembly. It has those rights which inhere in any such body, of which any one dealing with it must take notice. If for want of due deliberation ill advised action is taken, the interests of the public require that it should be permitted, at least at the same meeting, to reconsider and annul such action.

3. A demurrer to a declaration admits the facts that are well averred therein and a given defendant is estopped from afterward asserting to the contrary.

4. Pleadings are to be construed most strongly against the pleader. Where a declaration avers that a resolution of a county board was rescinded on the day of its passage without stating that any meeting intervened between its adoption and rescission, it will be assumed that the adoption and rescission occurred at the same meeting.

[Opinion filed June 21, 1892.]

In ERROR to the Circuit Court of Franklin County; the Hon. GEORGE W. YOUNG, Judge, presiding.

Mr. C. H. LAYMAN, for plaintiff in error.

Mr. T. M. MOONEYHAM, for defendant in error.

SAMPLE, J. On September 12, 1889, the board of supervisors of Franklin County passed the following resolution:

"Resolved by the board that Aaron Neal be instructed to investigate the books of the ex-officers of Franklin County, he agreeing to do the same for twenty-five per cent of all the

money recovered and paid into the county treasury. Also, that he have all old judgments in the clerk's offices on fines and fees to collect at the same figures; said Neal agreeing to give bond to indemnify the county against any costs that may be occasioned by said investigation."

On the same day the board rescinded the foregoing resolution, whether by way of a motion to reconsider at the time of its passage or otherwise is not disclosed, and is not deemed very material. The appellant brought suit against the county based upon the said resolution.

His declaration sets up the resolution and avers his acceptance thereof; that he entered upon the performance of his duties; that he was ready, able and willing, and proposed to the board to give the bond as provided, before the rescinding order was entered; that if he had not been prevented by said order, he could and would have collected the sum of $25,000, and made thereby the sum of $5,000. A copy of the resolution was filed with the declaration, as the contract sued upon. A general demurrer entered to the declaration was sustained by the court, and the appellant electing to stand by his declaration, judgment was rendered against him. The appellant's position is, that the resolution, under the facts averred, was a consummated contract with the board which it had no power to recall. The position of the appellee is, as appears from the brief filed, that the appellant had not accepted the resolution, and executed his bond before the rescission; and further that the contract is champertous. This position is not well founded. The demurrer admits the facts that are well averred in the declaration. It is there expressly averred that the appellant accepted the resolution and proposed to the board to give the bond required, but was prevented by its action in rescinding the same. This the appellee admitted by its demurrer and is now estopped from asserting to the contrary. The resolution is not considered to be of a champertous character. Torrence v. Shedd, 112 Ill. 466. A champertous contract is one that gives to an attorney or a third person, a portion of the land or other matter sued for. In this resolution the compensation is measured merely by the amount

recovered and paid into the county treasury. This resolution does not necessarily contemplate that there will be any litigation.

This case depends upon the power of the board to rescind the resolution under the facts as averred in the declaration. If upon the adoption of the resolution and its acceptance by Neal, with a willingness and ability on his part then and there to give the bond required, as averred, it became, *eo instanti,* a consummated contract, then a good cause of action was stated and the demurrer should have been over-ruled. If the resolution adopted at once partook of that character, then the board was as wanting in power to rescind the contract without cause at the same session of its passage, as it would have been at a subsequent session of the board of supervisors. It being averred in the declaration that the resolution was rescinded on the same day of its passage, without stating that any meeting intervened between its adoption and rescission—and as under the rule applicable to pleadings, they are to be construed most strongly against the pleader, for the reason that he is supposed to state the case most strongly for himself—it will be assumed that the rescission was at the same meeting as the adoption of the resolution. In this view of the effect of the pleadings on this point, the case narrows itself to this legal question. Did the board of supervisors have the power to rescind the resolution at the same meeting of its adoption? A board of supervisors is a corporate body and can only act as such. It represents the interests of the county as to those matters, wherein power is conferred by statute. The duties imposed by law are of such a nature and the corporate body is of such a character as to make it a deliberative assembly. It has, therefore, those rights which inhere in any such body, of which any one dealing with it must take notice. If for want of due deliberation, ill advised action is taken, the interests of the public require that it should be permitted, at least at the same meeting, to reconsider and annul such action. It would be intolerable that such a public corporation should be restricted from so doing. There is more reason for sustaining such right in such a body

than in such corporations as cities, where the mayor has a veto power. The inherent right of the board to rescind, may fairly rest on the theory that its deliberation as to any measure acted upon or under consideration extends over the whole period of such meeting. It has been held that "all deliberative assemblies, *during their session*, have a right to do and undo, consider and reconsider, as often as they think proper, and it is the result only which is *done*," that is, of that session. State v. Jersey City, 3 Dutch. 536; State v. Foster, 2 Halst. (N. J.) 101, cited in 2d Ed. of Dillon on Municipal Corporations, note 3 to Sec. 328. Of this law the appellant had to take notice and therefore the averment that he entered upon his duties had no force or effect. It is an averment of a fact without a right to assert it. The resolution, therefore, upon which this action is based, was not a consummated contract. There is another view that might fairly be taken of the resolution, owing to its form, which would make it a mandate or direction rather than a final and irrevocable contract, as assumed by appellant. This feature we do not deem necessary to elaborate. See 1 Dillon on Municipal Corporations, New Ed. 315, Note 1.

The demurrer was properly sustained and the judgment is affirmed.

*Judgment affirmed.*